PER CURIAM.
The issue on appeal is whether the trial court erred in granting defendant’s motion for summary judgment on the issue of defendant’s status as a statutory employer.
In September of 1985, John Tujague was employed as a staff counselor (case worker) by The Reynolds Institute, Inc. Reynolds had a contract with the Louisiana Department of Corrections, Division of Youth Services (hereafter DOC), to house and monitor youths who had been remanded to the custody of DOC. During the course and scope of his employment Tujague was injured as the result of a fall caused by one of the inmates, Jeffrey Peyronel. Accordingly, Tujague filed a tort suit naming DOC as defendant. Thereafter, DOC filed an answer and a motion for summary judgment, alleging that it was plaintiff’s statutory employer. DOC contended it was immune from tort liability and that plaintiff’s sole remedy was in worker’s compensation. The trial court granted the summary judgment in favor of DOC and dismissed plaintiff’s suit. Plaintiff has appealed.
A motion for summary judgment shall be granted forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. Code Civ.P. art. 966.
Pursuant to Louisiana Revised Statutes Title 23, section 1061, under certain circumstances, employees of contractors are considered to be the employees of the owner or principal. The Louisiana Supreme Court has set forth a three-step analysis for determining whether a statutory employment relationship exists. First, the court must determine whether the contract work is specialized or non-specialized. If the work is specialized then as a matter of law, a statutory relationship does not exist. However, if the work is not specialized then the court must determine whether it is a part of the principal’s trade, business, or occupation, and whether the principal was engaged in that work at the time of the *2 accident. Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986).
DOC argues that the contract work performed by Reynolds is nonspecialized, that it is a part of its trade, business, or occupation, and that it was engaged in this trade, business or occupation at the time of the accident. In support of its motion for summary judgment DOC offered the affidavit of Don Wydra, an assistant secretary of DOC. Wydra stated that pursuant to Louisiana Revised Statutes Title 36, section 401(B)(2) DOC has as its normal trade and business the care and treatment of adjudicated juvenile offenders. In addition, Wy-dra stated that in providing such care and custody it (DOC) sometimes contracts with other institutions to care for the juveniles. Wydra also stated that Reynolds’ employees provided daily supervision to the juveniles and that this supervision is “in direct correlation” with the supervision provided by DOC at other state-run facilities.
Plaintiff opposed the summary judgment contending that the contract work performed by Reynolds is specialized because it is “in the nature of extraordinary services.” In support plaintiff offered the contract between DOC and Reynolds, which lists in detail the services to be provided by Reynolds. Plaintiff also argues that these services are not a part of DOC’s normal trade and business. In support of this argument plaintiff offered a copy of a “Certification” signed by Don Wydra. In this document Wydra certifies that the contract between DOC and Reynolds was entered into because it (DOC) has no employee “capable/available” to perform the services and that the services are not “readily susceptible of being performed by persons employed by the State on a continuing basis; ...”
Based on the documents submitted by the parties (Wydra’s affidavit, the contract between DOC and Reynolds, and the “Certification”), it is clear there are material issues of fact which preclude a finding that DOC is plaintiff’s statutory employer as a matter of law. Accordingly, the trial court erred in granting DOC’s motion for summary judgment as to this issue. For these reasons, we reverse the judgment of the trial court and remand the matter for further proceedings. Costs of the appeal are to be paid by defendant-appellee.
REVERSED AND REMANDED.